**United States District Court**
**District of Massachusetts**

```
_____
                                )
NEVINS ANTONY,                  )
          Plaintiff,            )
                                )
          v.                    )    Civil Action No.
                                )    09-10862-NMG
DUTY FREE AMERICAS, INC., WINNIE )
TAM KEE and WING MUI CHEUNG     )
LEUNG,                          )
          Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

   In this wrongful termination case, Plaintiff Nevins Antony
moves the Court to reconsider its dismissal of his claims against
co-defendants Wing Mui Cheung Leung and Winne Tam Lee for
fraudulent joinder.


**I.    Background**

   Plaintiff Nevins Antony ("Antony"), a Massachusetts
resident, brought suit in Suffolk County Superior Court against
his former employer, Duty Free Americas, Inc. ("DFA"), and DFA
employees Wing Mui Cheung Leung ("Leung") and Winne Tam Lee
("Lee") for alleged wrongful termination.  On May 22, 2009, the
defendants removed the case to this Court pursuant to 28 U.S.C.
§§ 1332, 1441 and 1446, asserting diversity of citizenship among

-1-

the parties and an amount in controversy exceeding $75,000.  As permitted by Fed. R. Civ. P. 21, the defendants simultaneously filed a motion to dismiss co-defendants Lee and Leung (both of whom are Massachusetts residents) for fraudulent joinder. Antony, in turn, opposed the defendants' motion to dismiss and moved to remand the case to state court for lack of complete diversity of citizenship.

After conducting a hearing on November 13, 2009, the Court allowed the defendants' motion to dismiss the claims against Leung and Lee and denied the plaintiff's motion to remand in a Memorandum & Order dated December 3, 2009 ("the December M&O"). Plaintiff has now moved for the Court to reconsider its decision and remand the case to state court.

The following provides a brief summary of the allegations in the plaintiff's complaint:

From approximately September, 2005 to September, 2006, Antony, a Sri Lankan native, was employed as an assistant manager at DFA's retail store in Logan International Airport in Boston, Massachusetts.  Antony maintains that he was a diligent and hardworking employee who, prior to the events leading up to his termination, had not received a negative evaluation.  At an employee meeting in the summer of 2006, Antony publicly complained for the first time that he felt he and other minority co-workers were being mistreated by DFA's management.

-2-

On September 6, 2006, Antony used his employee discount to purchase two bottles of perfume as gifts for friends.  At the time, DFA offered a Gift With Purchase ("GWP") for any perfume purchase in the amount of $50 or more.  Antony alleges that he properly awarded himself a GWP at the time of his purchase and confirmed that award with the store manager the following day.

Apparently, when the DFA's Regional Loss Prevention Manager, Janette Murray ("Murray"), saw Antony's friend with the perfume, Murray accused her of shoplifting and accused Antony of improper use of GWPs.  Antony explained the incident to the store manager who confirmed that Antony's use of the GWP had been proper.  Then, on September 13, 2006, Murray allegedly called Antony down to her office, locked the door and accused him of misusing his employee discount to sell perfume at a profit.  When Antony insisted that he had bought the perfume as a gift, Murray allegedly became more hostile and made several racially discriminatory comments such as "you people will do anything for money."

Antony claims that, after having endured more than two hours of interrogation, he began to have difficulty breathing and feared he was suffering a heart attack.  While he was undergoing treatment from paramedics, Antony was informed that he had been suspended from his job and was forced to turn in his keys and badge.

Antony also alleges that co-defendants Lee and Leung, both DFA Vendor Representatives, wrongfully accused him of shoplifting.  Apparently, for several weeks prior to Antony's termination, DFA officials had observed a substantial loss of property at DFA's Logan Airport location.  Antony claims that Lee and Leung, in an attempt to ingratiate themselves with DFA's senior management, accused him of stealing the missing merchandise.

## II.  Legal Analysis

### A.  Legal Standard

A federal district court has the discretion to reconsider interlocutory orders and revise or amend them prior to final judgment.  Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).  The Supreme Court, however, has admonished that "courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817 (1988) (internal citation omitted).

When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions.  Davis, 89 F. Supp. 2d at 147.  In order to accommodate those competing interests, a court should grant a motion for reconsideration of an interlocutory order only when

the movant demonstrates 1) an intervening change in the law, 2) the discovery of new evidence not previously available or 3) a clear error of law in the first order.  Id.

**B.  Application**

Plaintiff's motion for reconsideration is not predicated on any changes in controlling law, the existence of newly available evidence or a clear error of law made by the Court.  To the contrary, the bulk of Plaintiff's memorandum simply rehashes the same arguments he made in prior filings and at oral argument. Chief among those arguments is Plaintiff's claim that the factual allegations in the complaint were made in good faith and formed a sufficient basis to support his claims of defamation and intentional interference against Ms. Lee and Ms. Leung.  That argument was considered, and rejected, by this Court in its December M&O.

To the extent that the plaintiff makes any new arguments (for example, that he is entitled to discovery to enable him to refute the defendants' motion to dismiss), those arguments (though ultimately unavailing) could and should have been presented to the Court prior to its ruling.  Indeed, every affidavit, authority and document cited by the plaintiff in his Memorandum in Support of his Motion for Reconsideration was available to him at the time that he drafted his initial motion to remand and responded to the defendants' motion to dismiss.

-5-

Plaintiff's contention that the Court's decision was premised on a clear error of law is equally unpersuasive.  Under the "clear error" standard, a trial court's decision will not be set aside so long as it is "plausible in light of the record viewed in its entirety." Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985).  In other words, "where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id.  Plaintiff's allegations that the Court 1) improperly resolved issues of fact in contravention of Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(f) and 2) erroneously dismissed the claims against Lee and Leung both fall woefully short of the "clear error" standard.

With respect to Plaintiff's first allegation (that the Court improperly resolved contested issues of fact), the fraudulent joinder doctrine provides an exception to the general rule prohibiting courts from considering evidence extrinsic to the facts in the complaint.  See Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 6 (D. Mass. 2001) ("In analyzing a claim of fraudulent joinder, a court is not held captive by the allegations in the complaint ... [and may] examine affidavits of the parties").  Accordingly, the Court's reliance on the sworn affidavits submitted by defendants Lee and Leung was not clear error.

Plaintiff's second allegation (that the Court clearly erred

in dismissing his claims of defamation and intentional interference) is also without merit.  Plaintiff's complaint alleges that Lee and Leung, acting with "improper motives and ill will" as well as "self-serving animus and racial prejudice," were "responsible for setting in progress the process which culminated in the plaintiff's discharge."  Plaintiff fails, however, to provide a plausible explanation for those allegations or any factual background to support them.  Simply alleging wrongful conduct, without more, does not satisfy Plaintiff's pleading requirements.  See Iqbal v. Ashroft, 129 S. Ct. 1937, 1950 (2009) (holding that a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct).

In sum, Plaintiff is not entitled to another bite at the apple simply because the Court did not rule in his favor.  See In re Wedgestone Fin., 142 B.R. 7, 8 (Bankr. D. Mass. 1992) ("A motion for reconsideration is not a means by which parties can rehash previously made arguments"); Froudi v. United States, 22 Cl. Ct. 290, 300 (1991) ("Generally, a motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court.")  As a Pennsylvania court aptly stated, this Court "does not have the luxury of treating its first decision as a dress

rehearsal for the next time." In re Armstrong Store Fixtures Corp., 139 B.R. 347, 350 (Bankr. W.D. Penn. 1992).  No less is expected of counsel.

The Court will not, therefore, treat the arguments advanced by the plaintiff in his earlier motions as a "test run" for a second attempt to prevail on the matter.  Because Plaintiff's motion for reconsideration is little more than an impermissible repetition of his prior arguments, it will be denied.


**ORDER**

In accordance with the foregoing, Plaintiff's Motion for Reconsideration (Docket No. 21) is **DENIED.**


**So ordered.**

                                   /s/ Nathaniel M. Gorton
                                   Nathaniel M. Gorton
                                   United States District Judge
Dated April 5, 2010


-8-